UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| J & J SPORTS PRODUCTIONS, INC., | ) |
| Plaintiff, | ) ) ) |
| v. | ) No. 4:13CV2254 HEA |
| LAS PALMAS, INC., et al., | ) ) ) ) |
| Defendants, | ) |

## OPINION, MEMORANDUM AND ORDER

This matter is before the Court on Plaintiff's Motion for Summary Judgment. [Doc. No. 29]. Defendants oppose the Motion. For the reasons set forth below, the Motion is granted in part and denied in part.

**Facts and Background**

Plaintiff, J & J Sports Productions, Inc., was granted the exclusive nationwide commercial distribution rights to the *Manny Paquiao v. Juan Manuel Marques, WBO Welterweight Championship Fight Program* telecast (the "Program"), which took place on November 12, 2011. Pursuant to the contract granting Plaintiff its distribution rights, Plaintiff entered into sub-licensing agreements with various commercial establishments to permit the public exhibition of the Program. Plaintiff alleges that, without its authorization, Defendants unlawfully intercepted and exhibited the Program at their commercial establishment, Las Palmas Mexican Restaurant, in Woodson Terrace, Missouri. A private investigator swore by affidavit that the Program was exhibited on three televisions to between twenty-five and thirty patrons.

**Summary Judgment Standard**

The standards for summary judgment are well settled. In determining whether summary judgment should issue, the Court must view the facts and inferences from the facts in the light

most favorable to the nonmoving party. *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 587, 106 S. Ct. 1348, 89 L. Ed. 2d 538 (1986); *Woods v. DaimlerChrysler Corp.*, 409 F.3d 984, 990 (8th Cir. 2005). The moving party has the burden to establish both the absence of a genuine dispute of material fact and that it is entitled to judgment as a matter of law. Fed.R.Civ.P. 56(c); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247, 106 S. Ct. 2505, 91 L. Ed. 2d 202 (1986); Celotex Corp. v. Catrett, 477 U.S. 317, 322, 106 S. Ct. 2548, 91 L. Ed. 2d 265 (1986); *Enterprise Bank v. Magna Bank*, 92 F.3d 743, 747 (8th Cir. 1996). Once the moving party has met this burden, the nonmoving party may not rest on the allegations in his pleadings but by affidavit or other evidence must set forth specific facts showing that a genuine dispute of material fact exists. Fed. R. Civ. P. 56(e); *Anderson*, 477 U.S. at 256; *Krenik v. Le Sueur*, 47 F.3d 953, 957 (8th Cir. 1995). "'Only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment.'" *Hitt v. Harsco Corp.*, 356 F.3d 920, 923 (8th Cir. 2004) (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248, 106 S. Ct. 2505, 91 L. Ed. 2d 202 (1986)). A dispute of fact is genuine when "a reasonable jury could return a verdict for the nonmoving party" on the question. *Anderson*, 477 U.S. at 248; *Woods*, 409 F.3d at 990. To survive a motion for summary judgment, the "nonmoving party must 'substantiate his allegations with sufficient probative evidence [that] would permit a finding in [his] favor based on more than mere speculation, conjecture, or fantasy.'" *Putman v. Unity Health Sys.*, 348 F.3d 732, 733-34 (8th Cir. 2003) (quoting *Wilson v. Int'l Bus. Machs. Corp.*, 62 F.3d 237, 241 (8th Cir. 1995)). "[A] complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial." *Celotex*, 477 U.S. at 323. The Court will review the facts in this case with the stated standards in mind.

**Discussion**

Plaintiff contends that Defendant Las Palmas violated Sections 553 and 605 of Title 47 of the United States Code, and committed the tort of conversion, by broadcasting the Program at Las Palmas Mexican Restaurant on November 12, 2011. Plaintiff further argues that Defendant Edwin Suarez, whom Plaintiff asserts is the managing owner of Las Palmas,[1] is liable for the same violations in his individual capacity. Plaintiff requests that the Court grant summary judgment in its favor as to these claims. Further, Plaintiff requests statutory damages in the amount of $10,000; enhanced statutory damages in the amount of $100,000; conversion damages of $2,200; and costs and attorneys' fees.

Defendants counter that they are not liable under Section 553 because that Section only prohibits the interception of communications traveling over cable wire. Defendants do not appear to contest that Las Palmas is liable under Section 605, but they assert that their liability should be mitigated through "limited damages," because any violation was committed without reason to believe that the law was being violated. Defendants further argue that there was no conversion because, at most, there was an unintentional broadcast of the Program. Finally, Defendants contend that Plaintiff has failed to establish a relationship between Suarez and Las Palmas sufficient to hold Suarez liable in his individual capacity.

**A.     47 U.S.C. § 605 Liability and Damages**

    **1.     Liability**

Under 47 U.S.C. § 605, "[n]o person not being authorized by the sender shall intercept any radio communication and divulge or publish the existence, contents, substance, purport, effect, or meaning of such intercepted communication to any person."[2] As noted, Defendants appear to

---

[1] In several instances, Plaintiff's Motion refers to "East Perry Pub," rather than Las Palmas Mexican Restaurant. Given the allegations in Plaintiff's Complaint, and the statements in Plaintiff's evidentiary support for its Motion for Summary Judgment, the Court finds that these references to East Perry Pub were typographical errors meant to refer to Las Palmas Mexican Restaurant.

concede that Las Palmas violated Section 605 by broadcasting the Program on November 12, 2011. Defendants admit that the Program was observed being exhibited in Las Palmas Mexican Restaurant on November 12, 2011, and that they did not pay the commercial licensing fee. Title 47 U.S.C. § 605 is a strict liability statute, thus rendering frivolous any liability defense Defendants may have raised, given that Defendants admit that the Program was observed being displayed at Las Palmas on November 12, 2011, and that Defendants did not pay the commercial licensing fee. *See, e.g.*, *J & J Sports Productions, Inc. v. Bath*, 2013 U.S. Dist. LEXIS 160387, 2013 WL 5954892, *5 (E.D. Cal. Nov. 7, 2013).

Accordingly, the Court finds that there is no genuine issue of material fact as to Plaintiff's Section 605 claim against Defendant Las Palmas and that Plaintiff is therefore entitled to judgment as a matter of law with regard to this claim.

**2.     Damages**

Defendants argue that the Court should assess limited damages based on their theory that Defendants were unaware and had no reason to believe that broadcasting the Program constituted a violation of Section 605. *See* 47 U.S.C. § 605(e)(3)(C)(iii). This argument is wholly unavailing.

Section 605 permits Plaintiff to elect either actual or statutory damages pursuant. 47 U.S.C. § 605(e)(3)(C). Plaintiff has elected statutory damages, which range from a minimum of $1,000 to a maximum of $10,000 "as the court considers just." 47 U.S.C. § 605(e)(3)(C)(i)(II). Additionally, enhanced damages of up to $100,000 are permitted, in the discretion of the court,

---

[2] Although Plaintiff brings claims under both Section 605 and 553, it acknowledges a split of authority as to whether an interception may violate both statutes. As noted by one district court in the Eight Circuit noted:
> A majority of the circuit courts of appeals, as well as district courts within the Eighth Circuit, interpret sections 605 and 553 to be *mutually exclusive*. These courts hold that section 605 applies to the interception of satellite or radio transmissions, whereas section 553 applies to the interception of transmissions via cable systems.

*Joe Hand Promotions, Inc. v. Ridgway*, 2014 U.S. Dist. LEXIS 171063, at *1 (W.D. Mo. Dec. 10, 2014) (emphasis added) (collecting cases). Plaintiff requests that "to the extent necessary . . . liability be found under section 605 as the Program was broadcast via closed-circuit television." [Doc. No. 30 at 5]. Accordingly, the Court will only consider liability Section 605.

"[i]n any case in which the court finds that the violation was committed willfully and for purposes of direct or indirect commercial advantage or private financial gain." 47 U.S.C. § 605(e)(3)(C)(ii).

In support of their theory of damages reduction, Defendants merely assert that "the undisputed evidence shows that Defendant Suarez ordered the Program at his home for his personal viewing and that Suarez was not present in [Las Palmas Mexican Restaurant] at the time of the broadcast," [Doc. No. 37 at 4], and that "all facts indicate the broadcast was inadvertent" [*id.* at 7].

The Court finds Plaintiff's preemptive response to this argument persuasive:

> [T]here can be no question that the Program was broadcast willfully and for commercial gain. When asked to admit the Program was received in the establishment because of an illegal decoder box or that some other means was used to intercept or receive the Program, Defendants declined to answer citing the Fifth Amendment to the Constitution. *Vogler Declaration* (Admissions 22 & 25 of Exhibits 1C). The willfulness of Defendants' actions is also established by case law. *Time–Warner Cable of New York City v. Googies Luncheonette, Inc.*, 77 F.Supp.2d 485, 490 (S.D.N.Y.1999) ("signals do not descramble spontaneously, nor do television sets connect themselves to cable distribution systems.").

[Doc. No. 30 at 11–12]. Plaintiff further quoted case law for the proposition that:

> Based on the limited methods of intercepting closed circuit broadcasting of payper- view events and the low probability that a commercial establishment could intercept such a broadcast merely by chance, however, courts have held conduct such as that of [defendant] in this case to be willful and for the purposes of direct or indirect commercial advantage or private financial gain.

*Entertainment by J & J, Inc. v. Al-Waha Enterprises, Inc.*, 219 F. Supp. 2d 769, 776 (S.D. Tex. 2002) (alteration in original); *see also Joe Hand Promotions, Inc. v. Wing Spot Chicken & Waffles, Inc.*, 2013 WL 394000, at *8 (E.D. Va. Jan. 30, 2013) ("The act of intercepting an encrypted broadcast is not done by accident, but requires an affirmative action by the defendant.").

The Court agrees and roundly rejects Defendant's argument that the facts demonstrate that the broadcast of the Program was inadvertent and thus subject to limited damages. To the

- 5 -

contrary, the Court finds that the facts demonstrate the broadcast was intentional and thus subject to enhanced damages. *See* 47 U.S.C. § 605(e)(3)(C)(ii).

Plaintiff requests statutory damages of $10,000 and enhanced statutory damages of $100,000. Based on the Court's survey of the case law, the Court finds this request to be excessive. Taking into account the dual statutory purpose of deterring piracy both generally and specifically as it relates to the violator, and given the number of patrons reported by the private investigator at Las Palmas Mexican Restaurant on the evening of the broadcast—between twenty-five and thirty—the Court finds that statutory damages in the amount of $10,000 and enhanced statutory damages in the amount of $10,000 are appropriate in this case.

**B.     Conversion**

Under the common law of Missouri, "conversion occurs where there is an 'unauthorized assumption of the right of ownership over the personal property of another to the exclusion of the owner's rights.'" *Monarch Fire Prot. Dist. v. Freedom Consulting & Auditing Servs., Inc.*, 678 F. Supp. 2d 927, 944 (E.D. Mo. 2009) (quoting *Emerick v. Mut. Ben. Life Ins. Co.*, 756 S.W.2d 513, 523 (Mo. 1988)). Defendants' only proffered defense to Plaintiff's conversion claim is that the broadcast was unintentional. As noted above, the Court rejects this argument. Accordingly, the Court finds that there is no genuine issue of material fact with regard to Plaintiff's conversion claim and that Plaintiff is entitled to judgment as a matter of law.

Accordingly the Court will award Plaintiff damages for its conversion claim of $2,200—the amount it would have cost Defendants to obtain the Program lawfully through paying the commercial licensing fee.

**C.     Defendant Suarez**

Plaintiff asserts that Defendant Suarez should be held liable in his individual capacity because he is the managing owner/managing officer of Las Palmas. Plaintiff asserts that, because

Suarez had "a right and ability to supervise the violations and . . . he had a strong financial interest in such activities," "there is no distinction between [Las Palmas'] actions and those of [Suarez]." [Doc. No. 30 at 7–8]. Defendants counter that Suarez is one of two owners of the corporation that owned Las Palmas on November 12, 2011. This assertion is supported by Plaintiff's exhibits, which show another owner with a 50% share, who is co-equally listed as a "member" on some documents, and is also listed as an agent.

Accordingly, there are genuine issues of material fact as to whether Defendant Suarez may be held liable individually, and accordingly, Plaintiff is not entitled to judgment as a matter of law for his claims against Defendant Suarez.

**D.     Conclusion**

For the foregoing reasons, the Court will grant in part and deny in part Plaintiff's Motion for Summary Judgment, and enter judgment for Plaintiff as to its claims against Defendant Las Palmas. Because Plaintiff's claims against Defendant Suarez remain, and because the parties have not complied with the trial management deadlines set forth in the Court's February 21, 2014 Case Management Order [Doc. No. 15], the Court will vacate the Case Management Order and continue the April 20, 2015 non-jury trial. A trial date will be set, and a new Case Management Order will be issued.

Following the resolution of Plaintiff's claims against Defendant Suarez, the Court will issue a judgment in accordance with this Opinion, Memorandum, and Order and any later findings. After the entry of judgment, Plaintiff will be afforded the 14 and 21 days, respectively, it requested to submit its request for costs and attorneys' fees.

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's Motion for Summary Judgment [Doc. No. 29] is **GRANTED IN PART and DENIED IN PART**.

**IT IS FURTHER ORDERED** that judgment will be entered for Plaintiff with respect to its claims against Defendant Las Palmas, Inc.

**IT IS FURTHER ORDERED** that Plaintiff is awarded statutory damages in the amount of $10,000, pursuant to 47 U.S.C. § 605(e)(3)(C)(i)(II).

**IT IS FURTHER ORDERED** that Plaintiff is awarded enhanced statutory damages in the amount of $10,000, pursuant to 47 U.S.C. § 605(e)(3)(C)(ii).

**IT IS FURTHER ORDERED** that Plaintiff is awarded $2,200 in damages for its conversion claim.

**IT IS FURTHER ORDERED** that the Court's February 21, 2014 Case Management Order [Doc. No. 15] is **VACATED**.

**IT IS FURTHER ORDERED** that the April 20, 2015 trial is **CONTINUED** pending further Order of the Court.

A separate judgment in accordance with this Opinion, Memorandum and Order will be entered following the resolution of Plaintiff's remaining claims against Defendant Suarez.

Dated this 14th day of April, 2015.

HENRY EDWARD AUTREY
UNITED STATES DISTRICT JUDGE